# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BUMBLE BEE PARENT, INC., *et al.*,[1]<br><br>            Debtors. | Chapter 11<br><br>Case No. 19-12502 (LSS)<br><br>(Jointly Administered) |
| TRENT JASON,<br>            Plaintiff,<br><br>    v.<br><br>BUMBLE BEE FOODS, LLC,<br><br>            Defendant. | Adv. Pro. No. 19-51146 (LSS) |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
## MOTION TO DISMISS THE COMPLAINT

| | |
|---|---|
| PAUL, WEISS, RIFKIND, WHARTON<br>& GARRISON LLP<br>Alan W. Kornberg<br>Kelley A. Cornish<br>Claudia R. Tobler<br>Christopher Hopkins<br>1285 Avenue of the Americas<br>New York, New York 10019<br>Telephone: (212) 373-3000<br>Facsimile: (212) 757-3990 | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>Pauline K. Morgan (No. 3650)<br>Ryan M. Bartley (No. 4985)<br>Michael S. Neiburg (No. 5275)<br>Jaclyn C. Marasco (No. 6477)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone:  (302) 571-6600<br>Facsimile:  (302) 571-1253<br><br>*Attorneys for Debtor-Defendant Bumble Bee Food, LLC* |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Bumble Bee Parent, Inc. (5118); Bumble Bee Holdings, Inc. (1051); Bumble Bee Foods, LLC (0146); Anova Food, LLC (2140); and Bumble Bee Capital Corp. (7816).  The headquarters for the above-captioned Debtors is 280 Tenth Avenue, San Diego, CA 92101.

25995568.5

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

NATURE AND STAGE OF THE PROCEEDING AND SUMMARY OF THE ARGUMENTS ..................................................................................................................... 1

STATEMENT OF FACTS .................................................................................................... 2

ARGUMENT ......................................................................................................................... 4

    I.    Plaintiff's Claims for Injunctive Relief Are Barred Or Otherwise Mooted By The Sale Order. ................................................................................... 4

    II.   Plaintiff's Remaining Claims for Monetary Damages Are More Appropriately Addressed Through The Claims Resolution Process. ................ 8

CONCLUSION .................................................................................................................... 10

25995568.5

i

## TABLE OF AUTHORITIES
Page(s)

**CASES**

*Bank of Lafayette v. Baudoin (In re Baudoin)*,
   981 F.2d 736 (5th Cir. 1993) ................................................................................................5

*Conn v. Dewey & LeBoeuf LLP (In re Dewey & LeBoeuf LLP)*,
   487 B.R. 169 (Bankr. S.D.N.Y. 2013) ...................................................................................9

*Cooper v. Tech Data Corp. (In re Bridgeport Holdings, Inc.)*,
   326 B.R. 312 (Bankr. D. Del. 2005) .......................................................................................5

*Eastern Minerals & Chems. Co. v. Mahan*,
   225 F.3d 330 (3d Cir. 2000)................................................................................................5, 6

*EXDS, Inc. v. Ernst & Young LLP (In re EXDS, Inc.)*,
   316 B.R. 817 (Bankr. D. Del. 2004) .......................................................................................5

*Fox v. Congress Financial Corp. (In re Target Indus., Inc.)*,
   328 B.R. 99 (Bankr. N.J. 2005) ..............................................................................................6

*Met–L–Wood Corp. v. Gekas (In re Met–L–Wood Corp.)*,
   861 F.2d 1012 (7th Cir. 1988) ................................................................................................5

*In re Miller*,
   228 B.R. 203 (Bankr. N.D. Ill. 1999) .....................................................................................8

*Parkway Hosp. v. Shah*,
   460 F. App'x 21 (2d Cir. 2012) ..............................................................................................8

*In re Pence*,
   905 F.2d 1107 (7th Cir. 1990) ................................................................................................8

*In re Residential Cap., LLC*,
   No. 12-12020 (MG), 2014 WL 3057111 (Bankr. S.D.N.Y. July 7, 2014) ..............................5

*In re TSC Glob., LLC*,
   No. 12-10505 (KG), 2013 WL 6502168 (Bankr. D. Del. June 26, 2013) ...............................9

*Welt v. Conston Corp. (In re Conston, Inc.)*,
   181 B.R. 175 (Bankr. D. Del. 1995) .......................................................................................9

*Winget v. JP Morgan Chase Bank, N.A.*,
   537 F.3d 565 (6th Cir. 2008) ..................................................................................................5

**STATUTES**

11 U.S.C. § 363(f) ............................................................................................................... 1, 7

11 U.S.C. § 363(m) .............................................................................................................. 1, 7

11 U.S.C. § 523(a)(2)(A) ..................................................................................................... 1, 3

**RULES**

Fed. R. Bankr. P. 7001 ............................................................................................................. 1

Fed. R. Bankr. P. 7001(6) ............................................................................................. 2, 3, 8, 9

Fed. R. Bankr. P. 7001(7) ......................................................................................................... 3

Fed. R. Bankr. P. 7012(b) ......................................................................................................... 1

Fed. R. Bankr. P. 8002(a) ......................................................................................................... 8

Fed. R. Civ. P. 12(b)(6) ............................................................................................................ 1

Debtor-Defendant Bumble Bee Foods, LLC (the "Defendant") submits this memorandum of law in support of its motion to dismiss the complaint [Adv. Docket No. 1][1] (the "Complaint") filed by plaintiff Trent Jason (the "Plaintiff"), wherein Plaintiff seeks relief under section 523(a)(2)(A) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  As discussed herein, the Motion should be granted and the Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7012(b).

### NATURE AND STAGE OF THE PROCEEDING AND SUMMARY OF THE ARGUMENTS

Plaintiff commenced this action against Defendant by filing the Complaint seeking, among other things, judgment that certain contingent and unliquidated damages purportedly stemming from Defendant's alleged prepetition violations of California's food labeling laws are non-dischargeable, and for certain injunctive relief in connection with the sale of substantially all of the Debtors' assets to FCF.[2]  The Complaint should be dismissed in its entirety for the following reasons:

First, the injunctive relief sought by Plaintiff is barred by the doctrine of *res judicata* and is otherwise moot.  The Sale Order, entered by this Court on January 24, 2020, approved a free and clear sale of the Debtors' assets to FCF pursuant to, among other things, sections 363(f) and 363(m) of the Bankruptcy Code.  Neither Plaintiff nor any other interested party appealed the Sale Order.  As such, the Sale Order is a final, non-appealable order entitled

---

[1] References to "Adv. Docket No." shall refer to the above-captioned adversary proceeding, Adv. Pro. No. 19-51146 (LSS).  References to "Docket No." shall refer to the Debtors' main case, Case No. 19-12502 (LSS).

[2] Capitalized terms used but not otherwise defined in this introductory section shall have the meanings ascribed to them in the *Declaration of Kent McNeil in Support of Chapter 11 Petitions and First-Day Motions* [Docket No. 17] (the "First-Day Declaration"), or in the body of this brief, as applicable.

25995568.5

to preclusive effect. The injunctive relief sought by Plaintiff is also rendered moot by the free and clear sale of the Debtors' assets to FCF that was fully consummated on January 31, 2020. The Debtors are winding down their businesses and there are no further business operations or actions (improper or otherwise) to enjoin.

Second, Defendant concedes that any claims for monetary damages that Plaintiff may have against Defendant are non-dischargeable. Defendant's unqualified concession in this regard obviates the need for an adversary proceeding under Bankruptcy Rule 7001(6). Plaintiff's contingent and unliquidated prepetition claims for compensatory or other damages should be addressed through the claims resolution process.[3]

## STATEMENT OF FACTS

As set forth in greater detail in the First-Day Declaration, which is incorporated herein by reference, the Debtors, facing certain material litigation by direct and indirect purchasers of the Debtors' products, the overhang of a plea agreement with the U.S. Department of Justice and potential defaults under their prepetition financing agreements, commenced the Chapter 11 Cases on November 21, 2019 (the "Petition Date") to preserve and maximize the value of their businesses through the sale of substantially all of their assets as a going concern.

Prior to the Petition Date, the Debtors devoted substantial time, energy and resources pursuing a marketing and sale process for the Debtors' assets. These efforts led to the Debtors securing FCF as a stalking horse bidder. On the Petition Date, the Debtors filed a motion seeking approval of, among other things, bidding procedures governing the sale of substantially all of the Debtors' assets, designation of FCF as the stalking horse bidder, and the ultimate approval of the sale.

---

[3] The Debtors anticipate filing a motion to establish a bar date in the Chapter 11 Cases in the near future.

25995568.5

On December 6, 2019, Plaintiff commenced the instant action, alleging, among other things, that Defendant was in violation of California's food labeling laws, and seeking monetary damages and remediation of Defendant's alleged violations prior to any sale to FCF. The allegations in the Complaint are nearly identical to those in the complaint Plaintiff filed prepetition against Defendant in the Superior Court of California for Sonoma County on December 3, 2018 (the "State Court Action") in which Plaintiff likewise sought monetary damages for Defendant's alleged food labeling violations under state and federal law. The State Court Action was set for jury trial on the state law claims in the California Superior Court on May 1, 2020, but has been stayed by virtue of the Debtors' bankruptcy filing.

At bottom, the Complaint contains two counts for relief under the Bankruptcy Code, including: (I) a finding that Plaintiff's prepetition claims seeking compensatory and punitive damages are non-dischargeable under section 523(a)(2)(A) of the Bankruptcy Code and Bankruptcy Rule 7001(6) ("Count I") (Compl. ¶¶ 381-84); and (II) broad injunctive relief pursuant to section 523(a)(2)(A) of the Bankruptcy Code and Bankruptcy Rule 7001(7) ("Count II"). More specifically, Plaintiff demands in Count II that: (a) Defendant cease and desist its alleged food labeling law violations, and demonstrate compliance with relevant California state law prior to any sale and as prerequisite to concluding the Chapter 11 Cases; (b) any prospective purchaser of the Debtors' assets file certain documents with the California Secretary of State; (c) Defendant set aside $20 million of sale proceeds into an escrow account for the benefit of future victims of Defendant's alleged food labeling violations; (d) any sale to a prospective purchaser of the Debtors' assets not be free and clear of claims and encumbrances; (e) Defendant inform all prospective purchasers and the Debtors' investment banker of the adversary proceeding and the potential imposition of successor liability (f) Defendant establish

that the proposed sale to FCF does not present a conflict of interest; and (g) any sale proceeds not be released to Defendant until the adversary proceeding is resolved. *Id.* ¶¶ 386-87.

At the sale hearing held on January 23, 2020 (the "Sale Hearing"), the Debtors established that the sale to FCF presented the highest and otherwise best offer to the Debtors in both the prepetition and post-petition marketing processes. At the Sale Hearing, the Debtors also addressed on the record, among other things, the allegations in the Complaint, liberally construing the Complaint as an informal objection to the proposed sale. The Debtors specifically advised the Court of the factual allegations in the Complaint and outlined Plaintiff's requests for injunctive relief with respect to the proposed sale, summarizing each of the relevant claims in Count II. *See* Transcript of Sale Hearing held on January 23, 2020, pp. 19-23, attached hereto as Exhibit 1 (the "Transcript"). Upon consideration of the record at the Sale Hearing, the Court approved the sale to FCF, overruled any informal objection posed by the Complaint, *see* Transcript pp. 38-39, and entered the order approving the sale on January 24, 2020 [Docket No. 326] (the "Sale Order").[4]

The Debtors consummated the sale to FCF on January 31, 2020 [Docket No. 369], and are now winding down their businesses and affairs. The Defendant does not have any remaining active business operations.

## ARGUMENT

I.   **Plaintiff's Claims for Injunctive Relief Are Barred Or Otherwise Mooted By The Sale Order.**

Count II of the Complaint seeks injunctive relief that is inconsistent with the Sale Order—namely, that Defendant demonstrate compliance with food labeling laws prior to the

---

[4] The Plaintiff filed an Opposition to the sale on January 28, 2020, after the conclusion of the Sale Hearing. [Adv. Docket No. 11.] The Opposition raised the same points that were outlined in the Complaint and considered and overruled by the Court at the Sale Hearing.

25995568.5

sale, set aside $20 million of sale proceeds into an escrow account, inform all prospective purchasers of the adversary proceeding, establish a record in support of the sale, not receive sale proceeds until conclusion of the adversary proceeding, and that the sale not be free and clear. The final non-appealable Sale Order bars the injunctive relief sought by Plaintiff pursuant to the doctrine of *res judicata*. Count II should be dismissed.

Res judicata provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *In re Residential Cap., LLC*, No. 12-12020 (MG), 2014 WL 3057111, at *11 (Bankr. S.D.N.Y. July 7, 2014) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994)). The following requirements ordinarily must be satisfied for *res judicata* to apply: "(1) a final judgment on the merits, rendered by a court of competent jurisdiction, in a prior action involving; (2) the same parties or their privies; and (3) a subsequent suit based on the same cause of action." *Cooper v. Tech Data Corp. (In re Bridgeport Holdings, Inc.),* 326 B.R. 312, 318 (Bankr. D. Del. 2005). As this Court has recognized, however, application of the traditional *res judicata* analysis is "confounded" by the "depth and breadth of a bankruptcy proceeding." *EXDS, Inc. v. Ernst & Young LLP (In re EXDS, Inc.),* 316 B.R. 817, 922 (Bankr. D. Del. 2004).

While a sale order typically satisfies the first factor,[5] and a party's participation in the sale proceedings satisfies the second factor, the third factor requires a more detailed analysis to account for the fact that "a bankruptcy case is not a discrete lawsuit." *Eastern Minerals &*

---

[5] It is well-established that a sale order is a final order for *res judicata* purposes. *See, e.g., Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 579 (6th Cir. 2008) ("A sale order signals an end to litigation in a bankruptcy proceeding; with the execution of the sale order the debtor's assets are judicially sold and no further litigation can be brought regarding those assets without forcing the court to undo the sale, an action of the very kind res judicata seeks to prohibit"); *Bank of Lafayette v. Baudoin (In re Baudoin)*, 981 F.2d 736, 742 (5th Cir. 1993) ("Our precedent clearly establishes that bankruptcy court orders authorizing the sale of part of the estate or confirming such sale are final judgments on the merits for res judicata purposes."); *Met–L–Wood Corp. v. Gekas (In re Met–L–Wood Corp.),* 861 F.2d 1012, 1016 (7th Cir. 1988) (holding that bankruptcy court's order confirming judicial sale or a debtor's estate was a final, appealable order).

25995568.5

*Chems. Co. v. Mahan*, 225 F.3d 330, 337-38 (3d Cir. 2000).[6]  Quite the opposite of "discrete," a bankruptcy case "provides a forum in which any number of adversary proceedings, contested matters, and claims will be litigated." *Id.*  Because *res judicata* only bars those claims that are based on the same cause of action as ones previously raised, it must be tailored to ensure that it is not improperly applied to bar "every conceivable claim that could have been brought in the context of a bankruptcy case over which the court would have had jurisdiction." *See id.* Accordingly, the Third Circuit has held that "a claim should not be barred unless the factual underpinnings, theory of the case, and relief sought against the parties to the proceeding are so close to a claim actually litigated in the bankruptcy that it would be unreasonable not to have brought them both at the same time in the bankruptcy forum." *Id.*  Defendant can certainly make such a showing here.

The factual underpinnings of the Complaint, theory of the case, and injunctive relief sought in Count II are closely related to the issues addressed at the Sale Hearing. Specifically, the Debtors construed the Complaint as an informal objection to the sale[7] and addressed the allegations in the Complaint at the Sale Hearing as they related thereto:

> MS. MORGAN:  Okay.  Your Honor, among other things, Mr. Jason asked that the sale not occur until the California complaint is adjudicated.  He asked that any purchaser be made aware of his claims because, in his words, and this is earlier in the complaint, he asserts that the purchaser may have to assume the liability.  He asks that $20 million dollars be escrowed from the purchase price for the benefit of California residents who may have been harmed by the alleged labeling violations.  And he also asked that a record be made of the debtors' relationship with the stalking horse purchaser, FCF.
>
> Your Honor, of course, the debtors believe they made full disclosure of their relationship with FCF starting at the first day hearing and with Mr. Kent's

---

[6] *See also Fox v. Congress Fin. Corp. (In re Target Indus., Inc.),* 328 B.R. 99 (Bankr. N.J. 2005) ("bankruptcy cases require a careful application of res judicata.  Although the first two prongs of the doctrine will usually be readily apparent, the third prong . . . is usually far less clear.").

[7] *See* Notice of Agenda of Matters Scheduled for Hearing on January 23, 2020, at 1:30 p.m. (ET), as amended [Docket No. 315]

25995568.5

6

first-day declaration. And since we're seeking a sale of substantially all of our assets today, Your Honor, the debtors do not expect to enjoy the benefit of a discharge, so we think that portion of the complaint will be, I guess, mo[ot or] inapplicable.

To the extent the remainder of Mr. Jason's complaint constitutes an informal objection, we believe the court should overrule it. First, he does not have an adjudicated claim. He has raised allegations which the debtors dispute, none of which have been adjudicated by any court.

Even if he does have a claim, Your Honor, Section 363(f) permits the debtors sale free and clear of that claim. The courts in the Third Circuit and others have consistently held that a buyer under Section 363 takes such assets free and clear of successor liability claims relating to the business.

***

THE COURT: I think it was appropriate for counsel to treat the complaint as an informal objection given the statements that are made in the complaint. I will address the complaint at an appropriate time when it is in front of me, but for purposes of the sale I will overrule any informal objection that the complaint may pose.

Under 363 the debtor can sell its assets free and clear of claims against the estate, and there is nothing to suggest anything other than Mr. Jason has an unsecured claim against the estate to the extent that he has one. Additionally, in the Third Circuit and under the <u>TWA</u> case assets can be sold free and clear of successor liability. So, I will overrule the objection of Mr. Jason on that ground. Mr. Jason also sought to ensure that the relationship between FCF and the debtor is fully disclosed and I have already found that it has been fully disclosed.

Transcript, pp. 21-22, 38-39.

After considering Plaintiff's allegations set forth in the Complaint and Debtors' counsel's argument thereon, the Court overruled any informal objection posed by the Complaint and entered the Sale Order (i) authorizing the sale of the Debtors' assets free and clear of all claims in accordance with sections 363(f) and 363(m) of the Bankruptcy Code, and (ii) enjoining holders of claims against the Debtors from commencing or continuing any action in any manner inconsistent with the provisions of the Sale Order, including actions against FCF. *See* Sale Order, ¶¶ 13-14. Neither Plaintiff nor any other interested party appealed the Sale Order within

25995568.5

7

the time required by Bankruptcy Rule 8002(a), or otherwise.  As such, the Sale Order is a final, non-appealable order and is entitled to preclusive effect.

Furthermore, the injunctive relief sought by Plaintiff was rendered moot by virtue of the Sale Order and the subsequent consummation of the sale.  Simply put, Plaintiff can no longer obtain any legally cognizable benefit from the injunctive relief sought.  The Debtors are winding down their businesses and affairs and even assuming *arguendo* that Defendant's past actions harmed Plaintiff (which Defendant denies), there remains no potential future harm that Defendant could cause to Plaintiff that might require an equitable remedy.  Accordingly, even if Count II is not barred by the Sale Order, the requested injunctive relief is moot.  *See Parkway Hosp. v. Shah*, 460 F. App'x 21, 23 (2d Cir. 2012) (holding that plaintiff's claims were moot because plaintiff could no longer benefit from the declaratory and injunctive relief sought in the complaint).  Accordingly, Count II should be dismissed in its entirety.

## II. Plaintiff's Remaining Claims for Monetary Damages Are More Appropriately Addressed Through The Claims Resolution Process.

The adversary proceeding should also be dismissed (in favor of the claims resolution process) because Defendant concedes that any claims Plaintiff may have for monetary damages under Count I are non-dischargeable and therefore the procedural requirements of Bankruptcy Rule 7001(6) need not apply.  *See, e.g., In re Miller,* 228 B.R. 203, 207 (Bankr. N.D. Ill. 1999) ("A defendant may waive the procedural requirements of an adversary proceeding.") (citing *In re Stoecker,* 202 B.R. 429, 463 (Bankr. N.D. Ill. 1996)); *see also In re Pence*, 905 F.2d 1107, 1109 (7th Cir. 1990) (allowing express waiver of adversary proceeding requirements for revocation of a confirmation order).  As set forth above, the Debtors have consummated the sale of substantially all of their assets to FCF, and while the Debtors have not yet finalized their path to conclude these cases, they will not obtain a discharge.

Thus, Plaintiff's remaining claims for contingent and unliquidated monetary damages based on Defendant's alleged prepetition misconduct are appropriately addressed through the claims resolution process. *See, e.g., Conn v. Dewey & LeBoeuf LLP (In re Dewey & LeBoeuf LLP)*, 487 B.R. 169, 176 (Bankr. S.D.N.Y. 2013) (concluding that claims for equitable relief require an adversary proceeding, while prepetition claims for damages must be asserted by proof of claim); *In re TSC Glob., LLC*, No. 12-10505 (KG), Adv. Proc. No. 12-50119 (KG), 2013 WL 6502168, at *3 (Bankr. D. Del. June 26, 2013) (citing same); *see generally Welt v. Conston Corp. (In re Conston, Inc.)*, 181 B.R. 175, 176 (Bankr. D. Del. 1995) (stating that an adversary proceeding cannot be used "as a substitute for a proof of claim"). For the avoidance of doubt, the Debtors anticipate filing a bar date motion in the near future and stipulate herein, as set forth in the proposed form of order, that Plaintiff's right to file a proof of claim within the applicable period set by the Court is expressly preserved.

Because (a) Defendant concedes that Plaintiff's claims in Count I are non-dischargeable, obviating the need for an adversary proceeding under Bankruptcy Rule 7001(6), and (b) such claims are prepetition claims for monetary damages, Count I of the Complaint fails to state a claim upon which relief can be granted in an adversary proceeding. Accordingly, Count I should be dismissed in its entirety and Plaintiff's claims should instead be addressed through the claims resolution process.

[*Remainder of Page Intentionally Left Blank*]

**CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court enter an order (i) dismissing the Complaint for failure to state a claim upon which relief can be granted, (ii) preserving Plaintiff's right to file a proof of claim in the Debtors' bankruptcy cases, and (iii) granting such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: February 17, 2020<br>Wilmington, Delaware | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>*/s/ Michael S. Neiburg*<br>Pauline K. Morgan (No. 3650)<br>Ryan M. Bartley (No. 4985)<br>Michael S. Neiburg (No. 5275)<br>Jaclyn C. Marasco (No. 6477)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br><br>-and-<br><br>PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP<br>Alan W. Kornberg<br>Kelley A. Cornish<br>Claudia R. Tobler<br>Christopher Hopkins<br>1285 Avenue of the Americas<br>New York, New York 10019<br>Telephone: (212) 373-3000<br>Facsimile: (212) 757-3990<br><br>*Co-Counsel to the Debtors and Debtors in Possession* |