## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| OLD BBP, INC., et al., | Case No. 19-12502 (LSS) |
| Debtors. | Jointly Administered |
| TRENT JASON, | |
| Plaintiff, | |
| v. | Adv. Pro. No. 19-51146 (LSS) |
| BUMBLE BEE FOODS, LLC, | Re: Dkt. No. 12 |
| Defendant. | |

## MEMORANDUM OPINION

This is the Court's ruling on the Motion to Dismiss[1] the complaint filed in this

adversary proceeding.

**Background**

Bumble Bee Foods, L.L.C.  ("Defendant") and four affiliated entities ("Debtors")

filed voluntary bankruptcy proceedings on November 21, 2019.[2]  At the time they filed their

bankruptcy cases, Debtors together with certain non-debtor affiliates comprised one of

North America's largest branded shelf-stable seafood providers.  That same day, Debtors

filed a motion to: (i) establish bidding procedures for the sale of substantially all of their

---

[1] Def.'s Mot. to Dismiss Compl. ("Motion to Dismiss"), Adv. Pro. D.I. 12.  References to "D.I. __"
are to the main bankruptcy case.  References to "Adv. Pro. D.I.__" are to the captioned adversary
proceeding.
[2] The Debtors are: Bumble Bee Parent, Inc., Bumble Bee Holdings, Inc., Bumble Bee Foods, LLC,
Anova Food, LLC and Bumble Bee Capital Corp.

assets (the "Sale"), (ii) establish FCF Co., Ltd ("FCF") as the stalking horse bidder for a purchase price of up to $930.6 million and (iii) to sell substantially all of their assets to FCF or another entity presenting a higher and better bid.[3] Pursuant to an Order entered December 19, 2019, the Court approved bid procedures and established a schedule culminating in a sale hearing ("Sale Hearing").[4] The Court approved the Sale to FCF at the Sale Hearing held on January 23, 2020. An order approving the Sale was entered on January 24, 2020[5] and the Sale closed on January 31, 2020.[6] The Sale Order was not appealed.

---

[3] Debtors' Mot. for Entry of Orders (I) (A) Approving Bidding Procedures for the Sale of All or Substantially All of the Debtors' Assets, (B) Authorizing and Approving Entry Into the Stalking Horse APA, (C) Approving the Designation of the Stalking Horse Bidder, (D) Approving Bid Protections, (E) Scheduling a Sale Hr'g and Obj. Deadlines With Respect to the Sale, (F) Scheduling An Auction, (G) Approving The Form And Manner Of Notice of the Sale Hr'g and Auction, (H) Approving Contract Assumption and Assignment Procedures, and (I) Granting Related Relief; and (II) (A) Approving the Stalking Horse Agreement; (B) Approving the Sale to the Stalking Horse Bidder (or Backup Bidder) of Substantially All of the Purchased Assets of the Debtors, Pursuant to Section 363 of the Bankruptcy Code Free and Clear of All Liens, Claims, Interests, and Encumbrances; (C) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Pursuant to Section 365 of the Bankruptcy Code, (D) Authorizing the Debtors to Consummate Transactions Related Thereto, and (E) Granting Related Relief ("Sale Motion"), D.I. 31.

[4] Order (A) Approving Bidding Procedures for the Sale of All or Substantially All of the Debtors' Assets, (B) Authorizing and Approving Entry Into the Stalking Horse APA, (C) Approving the Designation of the Stalking Horse Bidder, (D) Approving Bid Protections, (E) Scheduling a Sale Hr'g and Obj. Deadlines With Respect to the Sale, (F) Scheduling An Auction, (G) Approving The Form And Manner Of Notice of the Sale Hr'g and Auction, (H) Approving Contract Assumption and Assignment Procedures, and (I) Granting Related Relief, D.I. 171.

[5] Order (A) Approving the Stalking Horse Agreement; (B) Approving the Sale to the Stalking Horse Bidder (or Backup Bidder) of Substantially All of the Purchased Assets of the Debtors, Pursuant to Section 363 of the Bankruptcy Code Free and Clear of All Liens, Claims, Interests, and Encumbrances; (C) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Pursuant to Section 365 of the Bankruptcy Code, (D) Authorizing the Debtors to Consummate Transactions Related Thereto, and (E) Granting Related Relief ("Sale Order"), D.I. 326.

[6] Notice of Closing of Sale, D.I. 369.

*The Adversary Proceeding*

Prepetition, Plaintiff Trent Jason, *pro se*, sued Defendant in the Superior Court of the State of California for Sonoma County seeking monetary damages for Defendant's alleged food labeling violations under state and federal law ("State Court Action"). There is a long procedural history to the State Court Action, but for purposes of the Motion to Dismiss, it is sufficient to know that a jury trial was scheduled to begin on May 1, 2020. Due to the filing of the bankruptcy cases, the State Court Action was stayed.

On December 6, 2019, Plaintiff commenced this adversary proceeding, *pro se*. In the Complaint,[7] Plaintiff discusses the alleged food labeling violations at length and seeks two forms of relief. In Count I,[8] Plaintiff asserts that his monetary claims are non-dischargeable under § 523(a)(2) of the United States Bankruptcy Code and seeks: (i) compensatory damages of $100,000; (ii) damages (in an unspecified amount) for emotional distress in anticipation of legal proceedings and (iii) punitive damages in a sum of not less than $500,000. He also asserts a right to a jury trial. In Count II,[9] Plaintiff asserts that his claims for injunctive relief are non-dischargeable under § 523(a)(2) of the Bankruptcy Code. The injunctive relief sought largely breaks down into four categories: (i) that the court require Defendant to comply with California's food label laws; (ii) that the court establish an escrow fund of $20 million for the benefit of persons defrauded by Defendant's violations of California's food label laws; (iii) that the court not permit an "unencumbered" sale of

---

[7] Compl. for Determination of Dischargeability of a Debt ("Complaint"), Adv. Pro. D.I. 1-1.
[8] Count I is titled: "Non-Dischargeability of Defendant Bumble Bee Foods, L.L.C.'s Damages to Plaintiff, Under Section 523(a)(2)(A) of the United States Bankruptcy Code and Bankruptcy Rules, Rule 7001(6)." Complaint 79.
[9] Count II is titled: "Non-Dischargeability of Plaintiff's Injunctive Relief Pursuant to Section 523(a)(2)(A) of the United States Bankruptcy Code and Bankruptcy Rules, Rule 7001(6)." Complaint 80.

Defendant's assets to FCF and require that Debtors' attorneys inform any prospective

purchasers and their bankers of this adversary proceeding; and (iv) that FCF be required to

take certain actions or make certain disclosures.[10]  Finally, Plaintiff requests that funds

---

[10]  Paragraph 387 of the Complaint reads, in its entirety:

In this matter, Plaintiff seeks the following injunctions:

a) Bumble Bee Foods, L.L.C., shall cease and desist its sixteen violations of California's food labeling laws which are highly identified and described in full detail in this Complaint;

b) Bumble Bee Foods, L.L.C., shall make those sixteen corrections of those food label requirements as mandated by California law, before any sale can occur of any assets by Bumble Bee Foods, L.L.C., to a prospective buyer of the company;

c) Bumble Bee Foods, L.L.C., shall not complete its Chapter 11 bankruptcy until it has proven to Plaintiff and the court that it is in full and complete compliance of those sixteen California food label requirements;

d) The sale of Bumble Bee Foods, L.L.C., shall not occur to Fong Chun Formosa Fishery Company, Limited, doing business as F.C.F. Fishery Company, Ltd., (or any other prospective buyer if F.C.F. Fishery Company, Ltd., terminates its contract offer with Bumble Bee Foods, L.L.C.) until each and all of those above represented requirements as stated in parts (a), (b), and (c), are fully completed;

e) That Fong Chun Formosa Fishery Company, Limited, doing business as F.C.F. Fishery Company, Ltd., file with the California Secretary of State, as a corporate entity, upon the purchase of Bumble Bee Foods, L.L.C.; if it intends to maintain Bumble Bee Foods, L.L.C.,'s San Diego, California, corporate offices;

f) That Bumble Bee Foods, L.L.C., set aside twenty million dollars ($20,000,000.00) into a neutral third party escrow account as a reserve for all those millions of persons who were defrauded by Defendant Bumble Bee Foods, L.L.C.'s violations of its sixteen California food label laws, whereupon the Bankruptcy Court, through a receiver proceeds to inform the general public of California, of their right to refunds for Bumble Bee Foods, L.L.C.,'s food products that they would not have purchased had they known of the facts alleged in Plaintiffs complaint; as Plaintiff had sought an injunction in the California State trial court for restitution, and Plaintiff, as one of the injured/damaged parties of the general public who was defrauded by Bumble Bee Foods, L.L.C., has the right to seek such restitution; and thereupon, and for any and all other relief that the California court deems necessary, as represented in Plaintiffs California state trial court matter, and now, with the identical matters that were to proceed to the May 01, 2020, jury trial in the California State court which are now issues in the bankruptcy court in Plaintiffs complaint for dischargeability of the debt, such that these matters proceed to the jury trial which Plaintiff now seeks in the United States Bankruptcy Court for the District of Delaware;

g) Plaintiff prays that the sale of Bumble Bee Foods, L.L.C., not be an un-encumbered sale, which Plaintiff has been informed is intended to occurred in the sale of Bumble Bee Foods, L.L.C., to C.F.C Fishery Company, Ltd. If Defendant were allowed to sell its assets in an un-encumbered sale this would greatly diminish Plaintiffs capacity to collect the debt owed by Bumble Bee Foods, L.L.C., because this prospective buyer maintains its corporate offices in Thailand.  Plaintiff has been informed, and believes that Wen Hung Lee, Chief Executor Officer, of Fong Chun Formosa Fishery Company, Limited, doing business as F.C.F. Fishery Company, Limited, at Building 140, 14th floor, South Sathorn Road, Yannaway, Bong Koholane [Bangkok] 12120, Thailand, has entered into a purchase and sale contract with Bumble Bee Foods, L.L.C. to do so;

h) Plaintiff prays that the court order that Defendant Bumble Bee Foods, L.L.C., through its attorney of record, Pauline K. Morgan, of the law offices of Young, Conaway, Stargatt & Taylor, L.L.P., at Rodney Square, 1000 North King Street, Wilmington, Delaware 19801-3335 (1 (302) 571-6000) inform all prospective buyers, prior to or during the scheduled 10:00 A.M., January 17, 2020, auction of Bumble Bee Foods, L.L.C., at Paul, Weiss, Rifkind, Wharton and Garrison, L.L.P., at 1285 Avenue of the America, New York, New York 10019-6064 (1 (212) 373-3000), of Plaintiffs complaint of the dischargeability of the debt, including providing a copy of it, before the bidding process takes place;

i) Plaintiff prays that the court order that Defendant Bumble Bee Foods, through its attorney of record, Pauline K. Morgan, of Plaintiffs complaint for dischargeability of the debt, by providing a copy of it to the global investment bank involved in financial arrangements in the purchase and sale of Bumble Bee Foods, L.L.C., at Houlihan Lokey, 20th Floor, 245 Park Avenue, New York, New York 10167-2401 (1 (212) 497-4000), at the time Plaintiff has served Defendant Bumble Bee Foods, L.L.C., to its attorney of record;

deposited by FCF with Debtors pending the sale be held until this adversary proceeding is

determined, Plaintiff is paid in full and the court orders injunctive relief against Defendant.

***Mr. Jason's Objection to the Sale***

The Court did not receive an objection to the sale from Mr. Jason prior to the Sale

Hearing. Nonetheless, at the Sale Hearing, Debtors' counsel treated the Complaint as an

informal objection to the sale and the Court specifically addressed it in its ruling.[11]  With

respect to Mr. Jason's informal objection, the Court ruled as follows:

> With respect to objections they have now been all resolved except for the
> informal objection of Mr. Jason. I appreciate counsel specifically addressing it in
> their presentation. As counsel points out, Mr. Jason filed an adversary proceeding
> for a determination that any claim that he may have against the estate is not
> dischargeable in this bankruptcy proceeding. He did not specifically file an objection
> to the sale and he did not appear either in person or telephonically.

> I think it was appropriate for counsel to treat the complaint as an informal
> objection given the statements that are made in the complaint. I will address the
> complaint at an appropriate time when it is in front of me, but for purposes of the
> sale I will overrule any informal objection that the complaint may pose.

> Under 363 the debtor can sell its assets free and clear of claims against the
> estate, and there is nothing to suggest anything other than Mr. Jason has an
> unsecured claim against the estate to the extent that he has one. Additionally, in the
> Third Circuit and under the TWA case assets can be sold free and clear of successor
> liability. So, I will overrule the objection of Mr. Jason on that ground. Mr. Jason

---

j)  Plaintiff prays that the court order that the pending sale of Bumble Bee Foods, L.L.C., to Fong Chun Formosa
    Fishery Company, limited, doing business as F.C.F. Fishery Company, Ltd., explain, in detail, to the court as to
    any conflict of interest Fong Chun Formosa Fishery Company, Limited, or its thirty established subsidiaries, as
    to its intended purchase of Bumble Bee Foods, L.L.C.; including providing Bankruptcy Court and the bankruptcy
    trustee the names, addresses, and contact persons of those thirty established subsidiaries; and also how that
    relationship is or is not a conflict of interest with Fong Chun Formosa Fishery Company, Limited, through its 23
    percent partnership interest in Big Catch, L.P., which is Bumble Bee Foods, L.L.C.'s holding company;

k)  Plaintiff prays that Fong Chun Formosa Fishery Company, limited, doing business as F.C.F. Fishery Company,
    limited, which has deposited several millions of dollars into an escrow account for the purchase of Bumble Bee
    Foods, L.L.C., that none of these funds be released to Defendant Bumble Bee Foods, L.L.C., until Plaintiffs
    complaint for dischargeability of debt is determined; and also with full payment to Plaintiff made upon
    determination of the monetary sum owed to Plaintiff; and also with full compliance of all injunctive relief and
    Court ordered injunctions against Bumble Bee Foods, L.L.C.

Complaint ¶ 387.

[11]  Mot. to Dismiss, Ex. 1 (January 23, 2020 Hr'g Tr.) ("Sale Hr'g Tr."), Adv. Pro. D.I. 13-1.

also sought to ensure that the relationship between FCF and the debtor is fully disclosed and I have already found that it has been fully disclosed.[12]

More generally, the Court determined that the proposed sale met the § 363 standard with respect to adequate notice, the fairness of the price, the exercise of Debtors' business judgment and good faith.[13] The Sale Order, containing findings of fact and conclusions of law, followed.

A review of the docket shows that the Court received an objection to the sale from Mr. Jason on January 27, 2020.[14] In the Jason Sale Objection, Plaintiff states that he did not receive notice of the Sale Hearing and the sale documents until after the sale objection deadline, which appears to be correct.[15] Substantively, the Jason Sale Objection raises nothing new. Mr. Jason reiterates his claims against Debtors and his request for injunctive relief.

**Procedural Posture**

On February 17, 2020, Defendant filed the Motion to Dismiss with the accompanying Opening Brief.[16] Plaintiff filed his Answering Brief on March 3, 2020.[17] Defendant filed its Reply Brief on March 10, 2020.[18] Neither party asked for argument and,

---

[12] Sale Hr'g Tr. 38:4–39:3.

[13] *Id.* at 35:22–40:22.

[14] Pl. Trent Jason's Opp'n to the Sale of Bumble Bee Foods, L.L.C.'s Assets to Tonos US, L.L.C., a Delaware Limited Liability Company (Delaware Secretary of State File Number 7702259; filed on November 13, 2019) ("Jason Sale Objection"), Adv. Pro. D.I. 11.

[15] Jason Sale Objection, Ex. A.

[16] Def.'s Mem. of Law in Supp. of Def.'s Mot. to Dismiss the Compl. ("Opening Brief"), Adv. Pro. D.I. 13.

[17] Pl.'s Mem. in Opp'n to Def. Bumble Bee Foods, L.L.C.'s Mot. to Dismiss Pl.'s Compl. for Dischargeability ("Answering Brief"), Adv. Pro. No. 18.

[18] Reply Mem. of Law in Further Supp. of Def.'s Mot. to Dismiss the Compl. ("Reply Brief"), Adv. Pro. D.I. 19.

having reviewed the filings, the Court has determined that argument will not aid the Court. Accordingly, the matter is ripe for decision.

**Jurisdiction**

In the Complaint, Plaintiff asserts that the Court has jurisdiction over this adversary proceeding and it is a core proceeding under 28 U.S.C. § 157(b)(1) and (2)(i).[19]  Plaintiff does not specifically state whether he agrees that the Court can enter final orders consistent with the United States Constitution.  But, in the "WHEREFORE" clause in the Complaint, "Plaintiff respectfully requests that this Court either Order all of the above or deny Defendant Bumble Bee Foods, L.L.C., the discharge of Plaintiff's Complaint; and Order that this matter be remanded back to the California state trial court for the scheduled May 01, 2020, jury trial in the Superior Court of California, in and for Sonoma County."[20] Defendant does not specifically address the jurisdiction of the Court, but consents to entry of final orders or judgment by the Court.[21]

The Court has jurisdiction with respect to the causes of action in the Complaint under 28 U.S.C. § 1334.  The request to determine nondischargeability is a statutorily core proceeding and arises under the Bankruptcy Code.[22]  So too, the request for relief related to the Sale arises under the Bankruptcy Code and is a statutorily core proceeding.[23]  To the extent that the Court considers the claims asserted in the Complaint, they are claims against the estate and so are statutorily core.[24]  Further, all of the relief sought addresses the

---

[19] Complaint ¶ 6–7.
[20] Complaint 83.
[21] Motion to Dismiss 1.
[22] 28 U.S.C. § 157(b)(2)(I).
[23] 28 U.S.C. § 157(b)(2)(M).
[24] 28 U.S.C. § 157(b)(2)(B).

restructuring of the debtor/creditor relationship.  Accordingly, the Court can enter a final order on the entirety of the Motion to Dismiss.

**The Parties' Positions**

Defendant raises three grounds for the dismissal of the Complaint.  As to Count I, Defendant concedes that as a liquidating corporate debtor it will not receive a discharge in its bankruptcy case.  It argues that Count I should therefore be dismissed because the relief is unnecessary and the claim for damages—compensatory, punitive, or otherwise—should be addressed in the claims administration process.  As to Count II, Defendant argues that Plaintiff's request for injunctive relief is barred by the doctrine of *res judicata* because of the entry of the Sale Order or is otherwise moot.

Plaintiff disputes that Defendant's concession (that it will not receive a discharge in its bankruptcy case) obviates the need to address Count I.  He argues that he is entitled to a jury trial on damages and that this trial should go forward.  As for Count II, Plaintiff contends that *res judicata* does not apply because the Sale and Sale Order are a different proceeding than the Adversary Proceeding and he did not receive appropriate notice.  The Court cannot discern a direct response to the mootness argument with the exception that Plaintiff contends that the Court can grant his request for a $20 million escrow and can grant relief against FCF.

**Discussion**

*A.  Standard on a Motion to Dismiss*

"The test in reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6) is whether, under any 'plausible' reading of the pleadings, the plaintiff would

be entitled to relief."[25] "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[26] "A claim will be dismissed if, after accepting all well-pled facts as true and resolving all inferences in favor of the plaintiff, the court finds no entitlement to relief."[27]

A Rule 12(b)(6) motion is meant to test the sufficiency of a complaint's factual allegations.[28] When deciding a motion to dismiss, "courts generally only consider the allegations contained in the complaint, exhibits attached thereto, and matters of public record . . . [but] [a]n exception exists for a document integral to or explicitly relied upon in the complaint without converting the motion to dismiss into one for summary judgment."[29] Further, dismissal is appropriate "when the face of the complaint clearly reveals the existence of a meritorious affirmative defense."[30]

A court can also grant a motion to dismiss a claim under Rule 12(b)(6) on the basis of a dispositive issue of law.[31] In ruling on a dispositive legal issue, the court also accepts all the factual allegations as true.

---

[25] *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 772 (3d Cir. 2013) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[26] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).
[27] *Guidotti*, 716 F.3d at 772 (citing *McGovern v. City of Phila.*, 554 F.3d 114, 115 (3d Cir. 2009)). *See In re ScripsAmerica, Inc.*, No. 16-11991 (JTD), 2019 WL 5073850, at *1 (Bankr. D. Del. Oct. 9, 2019) (citing *Guidotti*, 716 F.3d at 772; *McGovern v. City of Phila.*, 554 F.3d 114, 115 (3d Cir. 2009)).
[28] *In re Liquid Holdings Grp. Inc.*, 2018 WL 6841351, at *2.
[29] *In re W.J. Bradley Mortg. Capital, LLC*, 598 B.R. 150, 164 (Bankr. D. Del. 2019) (internal quotation marks omitted).
[30] *See In re G-I Holdings, Inc.*, 313 B.R. 612, 631 (Bankr. D.N.J. 2004).
[31] *Neizke v. Williams*, 490 U.S. 319, 326–327 (1989) ("if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' [citation omitted] a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."); *see also Conley v. Gibson*, 355 U.S. 41, 45–46 (1957).

**B.** **An Order Seeking Non-Dischargeability of the Claims Delineated in Count I will be Granted; But, Count I Will be Dismissed as to the Underlying Claims in Favor of the Claims Administration Process, as Appropriate**

In Count I of the Complaint, Plaintiff seeks a determination that his claims for damages against Defendant are non-dischargeable. Defendant concedes, as it must, that it will not receive a discharge in its bankruptcy case. A debtor is not entitled to a discharge in a chapter 11 case with a confirmed plan if the plan provides for the liquidation of all or substantially all of the assets of the estate, the debtor does not engage in business after consummation of the plan and the debtor would be denied a discharge under § 727(a) if the case were one under chapter 7.[32] In a chapter 7 case, a corporate debtor is not granted a discharge.[33] Here, Defendant's assets have been liquidated through the Sale. A plan may or may not be filed.[34] And, if the case is converted to one under chapter 7, Defendant will not be entitled to a discharge. Given these undisputed facts apparent from matters of public record, the Complaint and the Jason Sale Objection as well as Defendant's concession, any claims that Plaintiff has against Defendant will be non-dischargeable as a matter of law.[35]

As for the liquidation of those claims, Defendant is correct that this is properly done in the claim administration process.[36] In the Opening Brief, Defendant states that a bar date for filing claims has not yet been established. A review of the docket reflects that this is still the case.[37] Defendant also submitted a proposed form of order with its Motion to Dismiss

---

[32] 11 U.S.C. § 1141(d)(3).
[33] 11 U.S.C. § 727(a)(1).
[34] *See* Joint Mot. of the Debtors and the Creditors' Committee for an Order Approving Global Settlement Stipulation ("Global Settlement Motion"), D.I. 621.
[35] As discussed herein, all of Defendant's assets have been sold and Defendant is not continuing in business, so the value of a non-dischargeable claim is questionable.
[36] Mr. Jason has not sought relief from stay to proceed with the State Law Action in California.
[37] On July 9, 2020, Debtors filed their Mot. for an Order (I) Establishing Bar Dates for Filing Proofs of Prepetition Claims, Including Section 503(B)(9) Claims; (II) Establishing the Administrative Expense Bar Date; and (III) Approving the Form and Manner of Notice Thereof ("Bar Date

that expressly preserves Mr. Jason's right to file a proof of claim, but requires that proof of claim be filed by any applicable bar date.[38]

As Mr. Jason understands, filing of a proof of claim has legal consequences, including the possible waiver of rights to a jury trial.[39]  But, if a creditor does not file a proof of claim, he cannot participate in distributions from the estate unless his claim is scheduled by the debtor and is not designated as contingent, disputed or unliquidated.[40]  Mr. Jason must determine his path forward.

### C. Count II Will be Dismissed as Moot and/or Barred by Res Judicata

In Count II, Plaintiff seeks eleven forms of injunctive relief, largely breaking down into four categories:

- that the court require Defendant to comply with California's food label laws (the "Compliance Request");[41]

- that the court not permit an "unencumbered" sale of Defendant's assets to FCF and require that Debtors' attorneys inform any prospective purchasers

---

Motion"), D.I. 622.  This was a companion motion to the Global Settlement Motion.  Both motions were scheduled for hearing on September 10, 2020.  At that hearing, the Court denied the Global Settlement Motion.  September 10, 2020 Hr'g Tr., D.I. 701.  No order has been entered on the Global Settlement Motion or the Bar Date Motion.

[38] The Court would entertain a request from Mr. Jason that his Complaint be treated as an informal proof of claim so that he need not duplicate his efforts.  *See In re Am. Classic Voyages Co.*, 405 F.3d 127, 131 (3d Cir. 2005) (adopting modern five-factor test for informal proofs of claim).

[39] Mot. for Sanctions 32–35, Adv. Pro. D.I. 21; *see, e.g., Billing v. Ravin, Greenberg & Azckin, P.A.*, 22 F.3d 1242, 1250 (3d Cir. 1994) (discussing right to a jury trial in bankruptcy).

[40] Any creditor or equity security holder whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim or interest within the time prescribed by subdivision (c)(3) of this rule; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.

Fed. R. Bankr. P. 3003(c); *see also In re Loving*, 269 B.R. 655, 662 (Bankr. S.D. Ind. 2001) (failure to file a timely proof of claim prevents creditor from recovering from the bankruptcy estate); *In re Legendary Field Exhibitions, LLC*, 2020 WL 211409 (Bankr. W.D. Tex. Jan. 10, 2020) (citing *In re Hooker Inv. Inc.*, 937 F.2d 833, 837 (2d Cir. 1991) ("This Court also appreciates the Hobson's Choice here, which is that Plaintiffs were forced to file a proof of claim and lose [their] right to a jury trial in the adversary proceeding, or forgo filing a proof of claim but risk the loss of [their] right to participate in distribution of the bankruptcy estate.").

[41] Complaint ¶ 387(a)–(d).

and their bankers of this adversary proceeding (the "No Sale Free and Clear Request");[42]

- that the court establish an escrow fund of $20 million for the benefit of persons defrauded by Defendant's violations of the California food label laws and not release the Sale consideration to Debtor before compliance with all injunctive provisions (the "Sale Proceeds Request");[43] and

- that FCF file documents with the Secretary of State of California upon its purchase of Debtor's assets if it intends to maintain Debtor's corporate offices and disclose to the Court any conflict of interest it has with Debtor (the "FCF-Related Requests").[44]

The Court will address each category in turn.

### (i)    The Compliance Request

Plaintiff seeks an Order requiring Defendant to "cease and desist" from violating California's food labeling laws, correct any violations before the Sale occurs, not "complete its Chapter 11 bankruptcy" before it is in compliance with the California food labeling laws and that the Sale not take place until Defendant corrects all violations. This relief is moot.[45] The underlying premise of these requests is that Defendant is still conducting business. That is no longer the case. Pursuant to the Sale and the Sale Order, Defendant has sold substantially all of its assets. It is no longer doing business. These claims, therefore, are no longer viable as there is no effective relief that can be granted.

---

[42] *Id.* at ¶ 387(g)–(i).

[43] *Id.* at ¶ 387(f), (k).

[44] *Id.* at ¶ 387(e), (j).

[45] *See Parkway Hosp. v. Shah*, 460 F. App'x 21, 23 (2d Cir. 2012) (citing *City News & Novelty, Inc. v. City of Waukesha*, 531 U.S. 278 (2001)) (claimant "can no longer obtain any legally cognizable benefit from the declaratory and injunctive relief it seeks."); *see also Bd. of License Comm'rs of Tiverton v. Pastore*, 469 U.S. 238, 239–40 (1985) (dismissing writ of certiorari as moot after liquor licensee challenging license revocation went out of business); *Fox v. Bd. of Trs. of State Univ. of New York*, 42 F.3d 135 (2d Cir.1994) (plaintiffs' claims were moot because plaintiffs could no longer benefit from the declaratory and injunctive relief sought in the complaint); *Cook v. Colgate Univ.*, 992 F.2d 17, 19 (2d Cir.1993) (mootness doctrine continues for the life of lawsuit, including the pendency of appeal).

### (ii)    *The No Sale Free and Clear Request*

Plaintiff also seeks an Order that the Sale "not be an unencumbered sale." Plaintiff

alleges that "if Defendant were allowed to sell its assets in an unencumbered sale this would

greatly diminish Plaintiff's capacity to collect the debt owed by Bumble Bee Foods, L.L.C.

because this prospective buyer [FCF] maintains its corporate offices in Thailand."[46] Plaintiff

also seeks an order requiring Defendant's counsel to inform all prospective buyers and as

well as any bankers involved in the Sale of the existence of the Complaint.

This relief is also moot. The requested disclosures were made and the Sale "free and

clear" has already occurred. Although Plaintiff did not participate directly, his specific

issues were made known to the Court at the Sale Hearing. After giving some background,

Debtors' counsel represented as follows:

> MS. MORGAN: Okay. Your Honor, among other things, Mr. Jason asked
> that the sale not occur until the California complaint is adjudicated. He asked that
> any purchaser be made aware of his claims because, in his words, and this is earlier
> in the complaint, he asserts that the purchaser may have to assume the liability. He
> asks that $20 million dollars be escrowed from the purchase price for the benefit of
> California residents who may have been harmed by the alleged labeling violations.
> And he also asked that a record be made of the debtors' relationship with the stalking
> horse purchaser, FCF.
>
> Your Honor, of course, the debtors believe they made full disclosure of their
> relationship with FCF starting at the first day hearing and with Mr. Kent's first-day
> declaration. And since we're seeking a sale of substantially all of our assets today,
> Your Honor, the debtors do not expect to enjoy the benefit of a discharge, so we
> think that portion of the complaint will be, I guess, moved to inapplicable.
>
> To the extent the remainder of Mr. Jason's complaint constitutes an informal
> objection, we believe the court should overrule it. First, he does not have an
> adjudicated claim. He has raised allegations which the debtors dispute, none of
> which have been adjudicated by any court.
>
> Even if he does have a claim, Your Honor, Section 363(f) permits the debtors
> sale free and clear of that claim. The courts in the Third Circuit and others have

---

[46] Complaint ¶ 387(g).

consistently held that a buyer under Section 363 takes such assets free and clear of successor liability claims relating to the business.

Your Honor, obviously, no purchaser would purchase the debtors' assets in a 363 sale if it was going to continue to be exposed to lawsuits from the debtors' creditors. And, here, you do have evidence in the record, in Mr. Chou's declaration, that FCF certainly would not consummate this sale if it were not free and clear of all claims, including successor liability claims.

So, Your Honor, for these reasons, the debtors ask that the informal objection by Mr. Jason, if it is even an informal objection, that it be overruled.[47]

After considering Plaintiff's objections, the Court ruled that a free and clear sale was permitted by § 363 of the Bankruptcy Code. To state, again, the ruling:

THE COURT: I think it was appropriate for counsel to treat the complaint as an informal objection given the statements that are made in the complaint. I will address the complaint at an appropriate time when it is in front of me, but for purposes of the sale I will overrule any informal objection that the complaint may pose.

Under 363 the debtor can sell its assets free and clear of claims against the estate, and there is nothing to suggest anything other than Mr. Jason has an unsecured claim against the estate to the extent that he has one. Additionally, in the Third Circuit and under the TWA case assets can be sold free and clear of successor liability. So, I will overrule the objection of Mr. Jason on that ground. Mr. Jason also sought to ensure that the relationship between FCF and the debtor is fully disclosed and I have already found that it has been fully disclosed.[48]

Given this ruling, there is no longer any relief this Court can grant.

To the extent the requested relief is not moot, the doctrine of *res judicata* bars the requested relief.[49] The Sale Order binds all creditors and disposed of Defendant's assets in a manner contrary to the relief requested in the Complaint. While notice to Mr. Jason

---

[47] Sale Hr'g Tr. 21:16–23:6.
[48] *Id.* at 38:13–39:3.
[49] *See, e.g., Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 579 (6th Cir. 2008) ("A sale order signals an end to litigation in a bankruptcy proceeding; with the execution of the sale order the debtor's assets are judicially sold and no further litigation can be brought regarding those assets without forcing the court to undo the sale, an action of the very kind res judicata seeks to prohibit.").

appears not to have been perfect,[50] the Court fully considered and ruled on the free and clear/unencumbered issue raised in his Complaint by treating it as an informal objection to the sale. No appeal was taken from the Sale Order, which Mr. Jason was served with.[51]

Moreover, having reviewed the Plaintiff's Answering Brief, no new grounds are raised to prohibit a free and clear sale. There is nothing in Plaintiff's Answering Brief to suggest that Plaintiff's monetary claims are anything other than unsecured claims. Because of that, Mr. Jason had no lien against Debtors' assets and could be compelled to accept a money judgment with respect to his claims, including with respect to the declaratory/injunctive relief he seeks.[52] Therefore, even if the Complaint were construed to include a request to amend or vacate the Sale Order, there is no basis to do so.

Plaintiff's real concern seems to be that Defendant's *res judicata* argument will strip him of a right to a jury trial on his claims.[53] It will not. Defendant's *res judicata* argument is directed to sale-related relief, not to the liability or amount of Plaintiff's claims. Defendant's right to a jury trial will be determined by applicable law.[54]

### (iii)    *The Sale Proceeds Request*

Plaintiff also asks that the court escrow $20 million from sale proceeds for the benefit of persons defrauded by Defendant's violations of California's food label laws. The Complaint sets forth no facts upon which this relief is appropriate. As set forth above, based

---

[50] Mr. Jason clearly knew about the proposed Sale to FCF as he specifically references both FCF and the Sale process in the Complaint and seeks relief with respect to the Sale to FCF (or any other purchaser) in the Complaint. But, Debtors did not serve Plaintiff with the Sale Motion until January 14, 2020. Answering Brief, Ex. A.

[51] Aff. of Service 12, D.I. 355.

[52] *See* 11 U.S.C. § 363(f)(1), (5).

[53] *See* Answering Brief 19–22, 30.

[54] *See* discussion of Count I, *infra*.

on a review of the Complaint, any claims that Plaintiff may have are unsecured claims. There is no basis upon which to prefer his claims over any other unsecured claims.

Finally, an escrow would be inconsistent with the Sale Order. The Sale Order provides (as it typical) that all claims will attach to the net proceeds of the Sale in the same amount and order of priority as such claims had against the assets sold.[55] It also provides (as is not atypical) that outstanding obligations under postpetition financing will be paid at the closing of the Sale, as will outstanding obligations under certain prepetition financing, all in the order and priority set forth in the Sale Order.[56] Again, the Sale Order is final and was not appealed.

### (iv)    *The FCF-Related Requests*

Finally, Plaintiff seeks an order requiring that FCF file documents with the Secretary of State of California upon its purchase of Debtors' assets if it intends to maintain Debtors' corporate offices and disclose to the Court any conflict of interest it has with Debtors. This relief is not sought against Defendant, it is sought against FCF, which is not a party to the Adversary Proceeding. There is no plausible reading of the Complaint that entitles Plaintiff to relief against Defendants on the FCF-Related Requests.

---

[55] Sale Order 17.
[56] *Id.* 22-24.

**Conclusion**

For the reasons set forth above, the Court will enter an Order adjudicating any claims Plaintiff may have against Defendant to be non-dischargeable.  But, otherwise, the Complaint will be dismissed.

Dated: December 1, 2020

Laurie Selber Silverstein
United States Bankruptcy Judge